Law Offices of Richard D Granvold, P.S.  Judge: Karen A. Overstreet
Richard D. Granvold Attorney at Law  Chapter: 7
31620 23rd Ave S Ste 205
Federal Way, WA 98003-5049
(253) 945-6062

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON

In Re:

Robert Jacob Scott ) CASE NO. 07-14317-KAO
Sarah Jane Scott )
           Debtor, ) Chapter 7
_____ )
Robert Jacob Scottt ) Adversary No.
Sarah Jane Scott )
           Plaintiff, ) COMPLAINT TO DETERMINE
v. ) DISCHARGEABILITY OF A
 ) DEBT (STUDENT LOANS)
US Dept of Education; Key Bank; )
EduCap, Inc. ; Wells Fargo Education )
Financial Services; American Educational)
Services; First Mark; Kheslc; Loan to )
Learn/Ed America; OSI Educational )
Services; Sallie Mae; The Education )
Resources Institute (TERI) ; )
           Defendants, )
_____ )

I. PARTIES

1.1 Robert James Scott and Sarah Jane Scott are the debtors herein, and filed for relief under Chapter 7 of the Bankruptcy Code (11 USC) on 9-13-07;

1.2 US Dept of Education; Key Bank; EduCap, Inc. ; Wells Fargo Education Financial Services; American Educational Services; First Mark; Kheslc; Loan to Learn/Ed America; OSI

Complaint                                       1        Law Office of Richard D. Granvold, P.S.
                                                         31620 23rd Ave So, Ste 205
                                                         Federal Way Wa 98003-5049
                                                         (253) 945-6062

Educational Services; Sallie Mae; The Education Resources Institute (TERI) are the defendants herein; American Education Services is believed to be the service provider for some of the other defendants.

1.3 Jurisdiction in these proceedings is vested in the above entitled court pursuant to 28 U.S.C. Sections 157, 1334, and 11 U.S.C. 523(c)(1).

1.4 Venue is in the United States Bankruptcy Court Western District of Washington as Seattle Washington pursuant to 28 U.S.C. 1409(a).

1.5 This proceeding is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

## II. FACTS

2.1. The debtor incurred obligations presently owing to the defendants totaling approximately as follows: US Dept of Education: 2 loans of $19,832.12 and $55,907.25 as set forth in their proof of claims on file herein ; Key Bank: $29,887; EduCap, Inc.: 2 loans of $15,739.45 and $10,348.85 as set forth in their 2 proof of claims filed in the case herein; Wells Fargo Education Financial Services: $15,222.26 as stated in their proof of claim on file herein; American Educational Services: $123,097 ;  First Mark: $14,000; Kheslc: $2,107; Loan to Learn/Ed America: $25,838; OSI Educational Services:  $19,563; Sallie Mae: $6,575; ; The Education Resources Institute (TERI) unknown amount;

2.2 Said loan is believed to be for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, as described in 11 U.S.C. 523(a)(8).  None of the loans owed to

Law Office of Richard D. Granvold, P.S.
31620 23rd Ave So, Ste 205
Federal Way Wa 98003-5049
(253) 945-6062

said defendants are HEAL loans.

2.3 On September 13, 2007 the debtor filed for relief under Chapter 7 of the U.S. Bankruptcy Code. Most of the Defendant's claims were as creditors in Schedule F filed herein and the mailing matrix as filed or as amended and thus all received notice of the bankruptcy filing.

2.4 That the debtors are married with two children: a three year old and another under one year old;

2.5 That to not discharge these student loans would impose an undue hardship on this defendant.

### III. THEORIES OF LIABILITY, DISCHARGE

3.1 That the plaintiff is and shall be discharged from a debt evidenced by the loans in paragraph 2.1 herein pursuant to 11 U.S.C. 523(a)(8) as in effect at the time of the petition herein; Section 523(a)(8)

3.2 That upon discharge by the above captioned bankruptcy court the plaintiff is entitled to that relief set forth in 11 U.S.C. 524(a).

3.3 That in the event the defendant willfully violates the provisions of 11 U.S.C. 362, the plaintiff if injured, shall be entitled to a judgment against defendant for actual damages, including costs and attorney's fees, and punitive damages.

## IV. PRAYER

WHEREFORE, the debtor, prays for the following relief:

1. An order determining the debt owed to the defendants herein be determined to be dischargeable and thereby discharged pursuant to 11 U.S.C. § 523(a)(8).

2. For such other and further relief as the Court may deem just.

DATED THIS 27TH DAY OF DECEMBER, 2007.

    /S/ Richard D. Granvold
RICHARD D. GRANVOLD
ATTORNEY FOR PLAINTIFF
WSBA #16903

Complaint      4      Law Office of Richard D. Granvold, P.S.
31620 23rd Ave So, Ste 205
Federal Way Wa 98003-5049
(253) 945-6062